UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHARLES WESTFALL**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CATTARAUGUS CONTAINERS, INC. AND JAMES LEMKE**,<br><br>Defendant. | Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT**
**WITH JURY DEMAND**

Plaintiff, CHARLES WESTFALL, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective and Class Action Complaint against Defendants, CATTARAUGUS CONTAINERS, INC. and JAMES LEMKE, and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought by Plaintiff, CHARLES WESTFALL (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated hourly-paid factory workers employed by Defendants, CATTARAUGUS CONTAINERS, INC. and JAMES LEMKE (hereinafter referred to as "Defendants"), arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and New York Labor Law, §§ 650 *et seq*., 190 *et seq*., and 12 NYCRR § 142-1.1 *et seq*. (collectively the "NYLL").

2. Defendant Cattaraugus Containers, Inc. "manufactures corrugated and solid fiber boxes." Cattaraugus Containers, Inc. was founded in 1990. It operates a location in Franklinville,

3

NY.[1]

    3.       Defendant James Lemke is the Chief Executive Officer of Cattaraugus Containers, Inc.

    4.       Plaintiff and the other hourly-paid factory workers employed by Defendants were victims of Defendants' common unlawful policies in violation of the FLSA and NYLL, including maintaining a company-wide rounding policy that impermissibly only rounds *down* time spent performing pre-shift work.

    5.       As a result, there were many weeks in which Plaintiff and other factory workers did not receive compensation calculated at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and NYLL.

    6.       Plaintiff asserts the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All hourly-paid factory workers including, among others, press operators, laborers, and gluers, etc., employed by Defendant at any time from three (3) years prior to the commencement of this action through the date of judgment.*

    7.       Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid factory workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

    8.       Plaintiff asserts the NYLL claims on behalf of the following putative NYLL class pursuant to Fed. R. Civ. P. 23:

> *All hourly-paid factory workers including, among others, press operators, laborers, and gluers, etc., employed by Defendant in the State of New York at any time from six (6) years prior to the commencement of this action through the date of judgment.*

---

[1] See Defendant's Bloomberg profile: https://www.bloomberg.com/profile/company/9972004Z:US (Last Accessed April 22, 2020).

9. The FLSA collective seeks recovery of unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

10. The New York Rule 23 class seeks recovery of unpaid overtime and straight time wages, agreed upon wages, statutory penalties, liquidated damages, pre- and post- judgment interests, and attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12. The Court has supplemental jurisdiction over the New York Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as the federal claims.

13. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

14. This Court has personal jurisdiction over Defendants because Defendants do business within the state of New York amd maintains systematic and continuous contacts with the State of New York.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## PARTIES

16. Defendant CATTARAUGUS CONTAINERS, INC. is a privately held corporation that manufactures boxes with a principal executive office in Franklinville, New York.

17. According to the New York Department of State website, CATTARAUGUS CONTAINERS, INC. maintains an address at 21-23 Elm Street, Franklinville, New York, 14737-0174.

18. According to the New York Department of State website, CATTARAUGUS CONTAINERS, INC.'s Chief Executive Officer is James Lemke. The address listed for Mr. Lemke is 21-23 Elm Street, Franklinville, New York, 14737-0174.

19. Plaintiff CHARLES WESTFALL is a resident of Machias, New York.

20. Plaintiff Westfall worked for Defendant as an hourly-paid press operator at the Franklinville, New York location from approximately March 2017 through approximately March 25, 2020.

21. Plaintiff Westfall signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

## FACTUAL ALLEGATIONS

**FLSA Coverage**

22. The FLSA applies in this case on an enterprise basis.

23. Defendant CATTARAUGUS CONTAINERS, INC. is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

24. Defendant CATTARAUGUS CONTAINERS, INC. is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

25. Defendants have employed hourly-paid factory workers at its manufacturing location.

26. Plaintiff's and other hourly-paid factory workers' job duties include producing

6

packaging products for Defendants, among other duties.

27. Defendants classified Plaintiff and the other hourly-paid factory workers as hourly-paid, non-exempt employees.

28. Defendants did not guarantee Plaintiff a minimum weekly salary.

29. Defendants did not guarantee hourly-paid factory workers a minimum weekly salary.

30. Plaintiffs and the other hourly-paid factory workers typically worked full-time schedules which regularly include hours in excess of forty (40) in a workweek.

31. Defendants maintained a company-wide rounding policy that only rounds *down* time spent performing pre-shift work.

32. Defendants have maintained a company-wide rounding policy that impermissibly only rounds *down* time spent performing pre-shift work, in violation of 29 CFR 785.48.

33. The regulation permits employers to maintain a rounding policy only if "this arrangement averages out so that the employees are fully compensated for all the time they actually work" and "it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."  29 CFR 785.48.

34. Defendants maintained a company-wide policy of not paying hourly-paid factory workers for increments of time worked before their shifts.

35. Plaintiff and other hourly-paid factory workers were not paid for all time they spent working outside of their scheduled shifts, such as pre-shift preparation work, including but not limited to, setting up machines, loading the press operator, gluing boxes, among other tasks.

36. The uncompensated time Plaintiff and other hourly-paid factory workers spent working before their shifts often would have resulted in overtime pay if compensated.

37. Defendants knew that Plaintiff and other hourly-paid factory workers were

spending compensable time working pre-shift without receiving pay, but failed to compensate them for such time.

**Plaintiff Westfall's Employment**

38.     Plaintiff Westfall worked for Defendants as a press operator from approximately March 2017 until approximately March 25, 2020.

39.     Westfall worked in Defendants' Franklinville, New York location.

40.     As a press operator, Westfall's duties included setting up machines, running the production of boxes, following blueprints, among other duties.

41.     Defendants agreed to pay Westfall approximately $12.85 per hour leading up to March 2020.

42.     Westfall typically worked over 40 hours a week, which consisted of 5 shifts of approximately eight (8) hours or more each.

43.     There were shifts in which Westfall set up machines, loaded the press operator, glued boxes, and performed other preparatory activities at his station before the start of his scheduled shift.

44.     As a result of performing unpaid work before his shift, throughout his employment with Defendants, there were many weeks in which Westfall worked hours in excess of forty (40) in a workweek for which he did not receive compensation at time-and-a-half of his regular rate of pay.

45.     For example, in the week of January 13, 2020 through January 19, 2020, Westfall worked over 40 hours but was only paid for 40 hours.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

8

> *Any hourly-paid factory worker including, among others, press operators, laborers, and gluers, etc., employed by Defendants at any time from three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

47. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

48. The employees on behalf of whom Plaintiff bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

49. The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

   a. Whether the FLSA Collective members spent time working pre-shift;

   b. Whether Defendants maintained a company-wide policy or practice of only rounding *down* time spent performing pre-shift work;

   c. Whether Defendants maintained a company-wide policy or practice of failing to pay FLSA Collective members for increments of time spent working before their shifts;

   d. Whether Defendants failed to pay FLSA Collective members for time working pre-shift;

   e. Whether Defendants failed to pay FLSA Collective members time and a half for all hours they worked over 40 in a workweek; and

   f. Whether Defendants' violations of the FLSA were willful and/or

in good faith.

50. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff re-alleges and incorporates all previous paragraphs herein.

52. Plaintiff additionally seeks to maintain this action as an opt-out class action, pursuant to the Fed. R. Civ. P. 23 on behalf of all hourly-paid factory workers who have been affected by Defendants' unlawful common policies and practices which include unlawfully rounding down pre-shift time and not rounding time up, resulting in failure to pay straight time and overtime compensation in violation of NYLL §§ 650 *et seq.*, 190 *et seq.*, and 12 NYCRR § 142-1.1 *et seq*.

53. Plaintiffs bring this Rule 23 class action on behalf of:

> *All hourly-paid factory workers including, among others, press operators, laborers, and gluers, etc., employed by Defendants in the State of New York at any time from six (6) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

54. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

55. There is a well-defined community of interest among the class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the class members worked more than forty (40) hours in any single workweek;

   b. Whether the class members were compensated for all hours worked including straight time wages for up to forty (40) hours and overtime wages at a rate not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week; and

   c. Whether the class members were compensated in accordance with the agreed terms of employment.

56. The Plaintiff's NYLL claims are typical of those of the class members in that he and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

57. The Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

58. The Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. The Plaintiff and counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

59. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. The Plaintiff's claims arise from the same legal theories as all other class members.

Therefore, this case will be more manageable and efficient as a class action. The Plaintiff and counsel know of no unusual difficulties in this case.

### COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

60. Plaintiff re-alleges and incorporates all previous paragraphs herein.

61. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

62. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

63. At all times relevant to this action, Defendants failed to pay Plaintiff and other FLSA Collective members the federally mandated rate of 1.5 times the regular rate of pay for all hours worked in excess of 40 in a workweek.

64. In workweeks when factory workers worked 40 hours or more, they should have been paid at the federally mandated rate of 1.5 times of each employee's regular rate of pay but were not.

65. Defendants' failure to pay factory workers overtime wages was knowing and willful. Defendants knew that their policies resulted in Plaintiff and FLSA Collective members not being paid for time spent working outside of their scheduled shift, and Defendants could have properly compensated them for such work but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

66. Defendants' failure to pay factory workers overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

68. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

### COUNT II
### (Violations of the New York Labor Law – Fed R. Civ. P. 23 Class Action)
### FAILURE TO PAY STRAIGHT TIME
### FAILURE TO PAY OVERTIME
### FAILURE TO PAY AGREED WAGES

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Defendants employed Plaintiff and the Rule 23 class members within the meaning of the NYLL.

71. Defendants paid Plaintiff and Rule 23 class members on an hourly basis.

72. Plaintiff and Rule 23 class members regularly worked more than forty (40) hours per week.

73. Defendants failed to pay Plaintiff and the Rule 23 class members for compensable pre-shift work time.

74. Defendants failed to pay Plaintiff and the Rule 23 class members straight time wages for hours worked up to forty (40) hours per week and overtime wages at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

75. Defendants failed to pay Plaintiff and the Rule 23 class members the wages earned in accordance with the agreed terms of employment, in violation of New York Labor Law §191.

76. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

77. As a result of the foregoing, Plaintiff and the Rule 23 class members were illegally denied straight time and overtime wages, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, pre- and post- judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT III
### (Violation of NY CLS Labor § 195(1) – Fed R. Civ. P. 23 Class Action)
### FAILURE TO PROVIDE WRITTEN PAY NOTICE

78. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

79. NY CLS Labor § 195(1) provides that "Every employer shall":

> (a) provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring 1 , a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80. Defendants failed to provide Plaintiff and the Rule 23 class members, within ten (10) business days of the commencement of their employment, a written notice containing the information enumerated in NY CLS Labor § 195(1)(a).

81. A six (6) year statute of limitation applies to each such violation pursuant to NY

14

CLS Labor § 198(3).

82. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

83. As a result of the foregoing, Plaintiff and the Rule 23 class members are entitled to recovery of statutory penalties, liquidated damages, prejudgment interest, costs, and reasonable attorney's fees pursuant to NY CLS Labor § 198(1-b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Charles Westfall request an entry of an Order granting the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

    b. Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein (Counts II and III);

    c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective and Rule 23 class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

    d. Designating Plaintiff as the representative of the FLSA Collective in this action and undersigned counsel as Collective counsel for the same;

    e. Designating the New York Plaintiff as the representative of the Rule 23 class in this action and undersigned counsel as Class counsel for the same;

    f. Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

    g. Declaring Defendants' wage practices alleged herein violate NYLL §§ 650 *et seq.*, 190 *et seq.*, and 12 NYCRR § 142-1.1 *et*

  *seq*.;

 h. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiffs and the FLSA Collective and Rule 23 class the full amount of damages and liquidated damages available by law;

 i. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the statutes;

 j. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

 k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Charles Westfall, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated:  July 22, 2020

       /s/ Jason T Brown
       Jason T. Brown
       BROWN, LLC
       111 Town Square Pl Suite 400
       Jersey City, NJ 07310
       T: (877) 561-0000
       F: (855) 582-5297
       jtb@jtblawgroup.com

       *Attorneys for Plaintiffs*